UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ZACHARY M GUILLIAMS | CIVIL ACTION NO. 24-cv-1635 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TWINS LOGISTICS EXPRESS, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Twin Logistics Express, LLC and Renny Alvarado ("Defendants") removed this car accident case based on an assertion of diversity jurisdiction. The notice of removal indicates that there is complete diversity of citizenship, but there is a question as to whether Defendants have satisfied their burden with respect to the amount in controversy. Defendants will be allowed until **January 6, 2025** to file an amended notice of removal and attempt to set forth additional facts in support of their burden. The court will assess the record after that date and determine whether to enter a preliminary finding of jurisdiction or recommend remand to state court.

The state court petition alleges that Alvarado parked an 18-wheeler owned by Twin Logistics on the right side of I-49, partially in the right lane of travel. Plaintiff Zachary Guilliams was traveling south on I-49 in the left lane and attempting to pass another 18-wheeler in the right lane when that 18-wheeler suddenly merged into the left lane. Guilliams hit his brakes and moved into the right lane and hit Defendants' 18-wheeler, which was parked partially in the right lane. The petition, in accordance with Louisiana law, does not seek a particular amount of damages. It does allege that Plaintiff sustained

various categories of damages such as physical and mental pain and suffering, medical expenses, loss of enjoyment of life, scarring and disfigurement, functional impairment/disability, and property damages. Paragraph 10 of the petition alleges that the damages in the matter exceed the amount required for a jury trial, which is $10,000.

Defendants point to the various categories of damages sought by Plaintiff to support their claim that the amount in controversy exceeds $75,000. This court has noted that virtually every personal injury petition filed in state and city courts alleges the standard categories of damages sought, e.g., past and future medical expenses, loss of earnings, etc. Nordman v. Kansas City Southern, 2009 WL 976493 (W.D. La. 2009); Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664 (W.D. La. 2012). A personal injury suit does not become a federal case just because the plaintiff's attorney alleges a wholly unspecified injury and the petition includes a boilerplate list of damage categories. Carr v. Mayclin, 2018 WL 4839236, *2 (W.D. La. 2018). If those commonplace allegations were sufficient, almost every petition between diverse parties would be removable. Id.

Accordingly, Defendants will be granted the opportunity to file an amended notice of removal and attempt to provide additional facts that are relevant to the amount in controversy. Those facts might include the type, duration, or expense of medical care required by Plaintiff. Also relevant are any pre-suit settlement demands, which district courts throughout Louisiana have said can be "valuable evidence" in determining the amount in controversy. Lowrie v. Wal-Mart, 2015 WL 9685508, *2 (W.D. La. 2015) (Hornsby, M.J.) (collecting cases).

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of December, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge
